IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| LESTER STRIMEL, | : |
| | : |
| | : CIVIL ACTION |
| Plaintiff, | : |
| v. | : NO. _____ |
| | : |
| GUARDIAN RESTORATION, INC., | : |
| | : |
| Defendant. | : |
| | : |

## COMPLAINT

Plaintiff Lester Strimel ("Plaintiff") brings this lawsuit against Guardian Restoration, Inc. ("Defendant") seeking all available relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §§ 333.101, *et seq.*

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over Plaintiff's FLSA claim pursuant to 29 U.S.C. §216(b) and 28 U.S.C. § 1331.

2.      This Court has supplemental jurisdiction over Plaintiff's PMWA claim pursuant to 28 U.S.C. § 1367.

3.      Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

4.      Plaintiff is an individual residing in Philadelphia, PA.

5.      Defendant is a corporate entity that, according to the Pennsylvania Department of State database, maintains a registered office address at 958 Duxbury Drive, Langhorne, PA 19047.

6.     Defendant employs individuals, including Plaintiff, engaged in interstate commerce or in the production of goods for interstate commerce or engaged in handling, receiving, selling, or otherwise working on goods or materials that have been moved in or produced for interstate commerce.

7.     Defendant is an employer covered by the FLSA and PMWA.

## FACTS

8.     Defendant, according to its website, is in the business of providing "emergency fire restoration, water clean-up and mold removal services" to clients within the tri-state area.

9.     From approximately December 2010 until approximately December 2011, and from approximately February 2013 until approximately May 2013, Plaintiff was employed by Defendant as a "Fire Restoration Technician."

10.    Plaintiff's primary job duties included manual labor associated with the repair of clients' houses damaged by fire, water, and mold.

11.    Plaintiff was paid a weekly salary plus commissions.

12.    From approximately December 2010 until approximately June 2011, Plaintiff was paid a weekly salary of $450 plus commissions.

13.    From approximately July 2011 until approximately December 2011, Plaintiff was paid a weekly salary of $500 plus commissions.

14.    From approximately February 2013 until approximately May 2013, Plaintiff was paid a weekly salary of approximately $650 plus commissions.

15.    Plaintiff regularly worked approximately 72 to 84 hours per workweek.

16.    During Plaintiff's entire employment, Plaintiff did not receive compensation, including overtime premium compensation, for hours worked over 40

2

during the workweek.

17.     In failing to pay Plaintiff compensation, including overtime premium compensation, Defendant acted willfully and with reckless disregard of clearly applicable FLSA and PMWA provisions.

18.     Prior to filing this lawsuit, Plaintiff, through the undersigned counsel, invited Defendant to amicably resolve this matter.  Defendant ignored this invitation.

**COUNT I**
**(Alleging Violations of the FLSA)**

19.     All previous paragraphs are incorporated as though fully set forth herein.

20.     Plaintiff is an employee entitled to the FLSA's protections.

21.     Defendant is an employer covered by the FLSA.

22.     The FLSA entitles employees to overtime compensation "not less than one and one-half times" their regular rate of pay for all hours worked over 40 in a workweek. *See* 29 U.S.C. § 207(a)(1).

23.     During Plaintiff's entire employment, Defendant violated the FLSA by failing to compensate Plaintiff any compensation, including overtime premium compensation, for hours worked over 40 hours during the workweek.

24.     In violating the FLSA, Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions.

**COUNT II**
**(Alleging Violations of the PMWA)**

25.     All previous paragraphs are incorporated as though fully set forth herein.

26.     Plaintiff is an employee entitled to the PMWA's protections.

27.     Defendant is an employer covered by the PMWA.

28.     The PMWA entitles employees to overtime compensation "not less than

3

one and one-half times" the employee's regular rate of pay for all hours worked over 40 in a workweek. *See* 43 P.S. § 333.104(c).

29.     During Plaintiff's entire employment, Defendant violated the PMWA by failing to compensate Plaintiff any compensation, including overtime premium compensation, for hours worked over 40 hours during the workweek.

<b><u>PRAYER FOR RELIEF</u></b>

**WHEREFORE**, Plaintiff seeks the following relief:

A.     Unpaid wages to the fullest extent permitted under federal and state law;

B.     Liquidated damages to the fullest extent permitted under the FLSA and prejudgment interest to the fullest extent permissible under federal and state law;

C.     Litigation costs, expenses, and attorney's fees to the fullest extent permitted under federal and state law; and

D.     Such other and further relief as this Court deems just and proper.


Date:  August 27, 2013

Peter Winebrake
R. Andrew Santillo
Mark J. Gottesfeld
WINEBRAKE & SANTILLO, LLC
715 Twining Road, Suite 211
Dresher, PA 19025
Phone:  (215) 884-2491
mgottesfeld@winebrakelaw.com